**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Christian University,<br><br>    Plaintiff,<br><br>vs.<br><br>Washington Elementary School District No. 6, et al.,<br><br>    Defendants. | No. CV-23-00413-PHX-SPL<br><br>**ORDER** |

  On April 11, 2023, the parties appeared before the Court for a Preliminary Injunction Hearing. Plaintiff Arizona Christian University ("Plaintiff" or "ACU") seeks a preliminary injunction ordering Defendants to renew the "Student Teacher Placement Agreement" with ACU for the 2023–24 school year. (*See* Doc. 10, 24). Defendants oppose the issuance of a preliminary injunction. (*See* Doc. 21).

  The Court has fully reviewed and considered the briefing, the arguments at the Hearing, and all the documents filed in this matter. Assuming, without deciding, that injunctive relief is appropriate, the Court finds that such relief could not be granted without fully addressing the merits of Plaintiff's claims. Therefore, the Court is inclined to accelerate a merits-based decision in this case by advancing a trial on the merits, pursuant to Federal Rule of Civil Procedure 65(a)(2). This would likely involve setting an expedited briefing schedule for any motion to dismiss that is filed by Defendants and a trial on the merits thereafter, with the opportunity for supplemental briefing following the trial. *See Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759–760 (9th Cir.

2021) (finding consolidation under Rule 65(a)(2) proper where district court gave clear notice of its intent to consolidate and allowed supplemental submissions, where no additional factual development was needed, and where the parties had a full opportunity to present their cases).

Before proceeding on this course, the Court will set a Status Conference to give the parties the opportunity to set forth their positions on the best way to resolve Plaintiff's Motion and whether consolidation may be appropriate. *See Michenfelder v. Sumner*, 860 F.2d 328, 337 (9th Cir. 1988) (alteration in original) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)) ("Before a consolidation order may issue, the court must give the parties 'clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'"). The parties shall also be prepared to discuss the following, along with any related matters:

    (i)    If the Court were to rule on and grant Plaintiff's Motion for a Preliminary Injunction now, is there a form of injunctive relief that would not result in the creation of a contract?[1]

    (ii)    Do either of the parties request a jury trial in this matter?

    (iii)    If the Court were to consolidate Plaintiff's Motion with a trial on the merits—pursuant to Rule 65(a)(2)—would the parties need time for discovery or further fact development prior to the trial?

    (iv)    Briefing schedules and trial dates, should the Court determine that consolidation is appropriate

The Court notes that the decision to consolidate Plaintiff's Motion with a trial on the merits

---

[1] *See Diversified Mortg. Invs. v. U.S. Life Title Ins. Co. of N.Y.*, 544 F.2d 571, 576 (2d Cir. 1976) (internal citations omitted) ("The purpose of a preliminary injunction is to maintain the status quo pending a final determination on the merits. It provides relief which is 'interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for-the-time-beingness.' It should not be used as a device for creating a new contract between the parties or deciding questions of contract breach, properly determinable after trial. It is not an adjudication on the merits, and it should not grant relief properly awarded only in a final judgment.").

is ultimately in the Court's discretion. *See Slidewaters*, 4 F.4th at 759.

Accordingly,

**IT IS ORDERED** that a Status Conference is set for **April 18, 2023 at 9:00 a.m.** before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

Dated this 12th day of April, 2023.

Honorable Steven P. Logan
United States District Judge